# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNNY BRIONES,<br><br>      Plaintiff,<br><br>   vs.<br><br>S. FRAUENHEIN, et al.,<br><br>      Defendants. | ) 1:14cv01479 DLB PC<br>)<br>)<br>) ORDER DIRECTING PLAINTIFF TO FILE<br>) AMENDED COMPLAINT OR NOTIFY<br>) COURT OF WILLINGNESS TO PROCEED<br>) ONLY ON COGNIZABLE CLAIMS<br>)<br>) THIRTY-DAY DEADLINE<br>) |

Plaintiff Johnny Briones ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action. Plaintiff filed this action on September 22, 2014. He names Pleasant Valley State Prison ("PVSP") Warden S. Frauenhein,[1] PVSP Correctional Officers S. Flores, K. Gonzalez, M. Jericoff and K. Walker, and Does 1-20 as Defendants.[2]

**A.** <u>**LEGAL STANDARD**</u>

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are

---

[1] The correct spelling is "Frauenheim."

[2] Plaintiff consented to the jurisdiction of the United States Magistrate Judge on October 1, 2014.

1

legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  Id. (quoting Twombly, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not.  Id.

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law.  Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  Plaintiff's allegations must link the actions or omissions of each named defendant to a violation of his rights; there is no respondeat superior liability under section 1983.  Iqbal, 556 U.S. at 676-77; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934.  Plaintiff must present factual allegations sufficient to state a plausible claim for relief.  Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The mere possibility of misconduct falls short of meeting this plausibility standard.  Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

B.     **SUMMARY OF PLAINTIFF'S ALLEGATIONS**

Plaintiff is currently incarcerated at the California Substance Abuse Treatment Facility in Corcoran, California. The events at issue occurred while Plaintiff was housed in PVSP.

Plaintiff alleges that he is an ADA inmate and has been diagnosed with schizophrenia, paranoia and ADHD. He also suffers from the results of a stroke, which resulted in paralysis of the left side of his body. Plaintiff requires ongoing medical and mental health treatment, as well as special housing accommodations.

On September 26, 2013, Plaintiff was assaulted by Inmate J. Martin. He did not suffer any injuries.

After the fight, Defendant Flores responded to the scene and placed excessively tight handcuffs on Plaintiff. He picked Plaintiff up by his cuffed hands, causing substantial pain and cuts. Defendants Flores and Walker escorted Plaintiff to "D" medical facility for medical evaluation. During the escort, Defendant Flores jerked Plaintiff's left arm while stating, "I'm tired of you ADA inmates. The Federal Courts are treating you crying bitches like babies." ECF No. 1, at 5.

Once inside the medical facility, Defendant Flores slammed Plaintiff's head approximately four times against different walls. He also slammed Plaintiff to the ground and used his expandable baton to beat Plaintiff's body and face. Plaintiff's hands were still handcuffed behind his back, and he never resisted during the beating.

During the assault, Defendants Walker, Gonzalez, Jericoff and Does 1-10 "had ample opportunities to intercede but refused to do so." ECF No. 1, at 6.

As a result of the beating, Plaintiff suffered cuts and lacerations to the left eye, head and wrists, scratches, swelling of the face and bleeding. He was taken to the main medical facility where he received three staples to close the wound on his head, and three sutures to close the wound over his left eye.

On information and belief, Plaintiff contends that Defendants Flores, Walker, Gonzalez and Jericoff agreed to cover up the beating by falsely reporting that the injuries were the result of the assault by Inmate Martin.  He also contends that staff falsified medical records to indicate that Inmate Martin suffered injuries caused by Plaintiff.

Plaintiff contends that Defendant Frauenhein and Does 11-20 reviewed the reports of Defendants Flores, Walker, Gonzalez and Jericoff and, despite knowing that they were false, approved the reports hiding the use of excessive force by Defendant Flores.  He also alleges that Defendant Frauenhein's policies and procedures allowed offers to use force and intimidation on ADA inmates.

Based on these allegations, Plaintiff alleges a violation of the Eighth and Fourteenth Amendments.

### C. DISCUSSION

####    1. Eighth Amendment

The unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment.  Hudson v. McMillian, 503 U.S. 1, 5, 112 S.Ct. 995 (1992) (citations omitted).  For claims arising out of the use of excessive physical force, the issue is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."  Wilkins v. Gaddy, 559 U.S. 34, 37, 130 S.Ct. 1175, 1178 (2010) (per curiam) (citing Hudson, 503 U.S. at 7) (internal quotation marks omitted); Furnace v. Sullivan, 705 F.3d 1021, 1028 (9th Cir. 2013).  The objective component of an Eighth Amendment claim is contextual and responsive to contemporary standards of decency, Hudson, 503 U.S. at 8 (quotation marks and citation omitted), and although *de minimis* uses of force do not violate the Constitution, the malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is evident,

Wilkins, 559 U.S. at 37-8, 130 S.Ct. at 1178 (citing Hudson, 503 U.S. at 9-10) (quotation marks omitted); Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002).

*Defendant Flores*

Plaintiff states an Eighth Amendment excessive force claim against Defendant Flores.

*Defendants Walker, Gonzalez, Jericoff and Does 1-10*

Plaintiff's theory of liability against Defendants Walker, Gonzalez, Jericoff and Does 1-10 arises from his contention that they failed to intervene in the actions of Defendant Flores.

The failure to intervene can support an excessive force claim where the bystander-officers had a realistic opportunity to intervene but failed to do so. Lolli v. County of Orange, 351 F.3d 410, 418 (9th Cir. 2003); Cunningham v. Gates, 229 F.3d 1271, 1289 (9th Cir. 2000); Robins v. Meecham, 60 F.3d 1436, 1442 (9th Cir. 1995); see also Motley v. Parks, 383 F.3d 1058, 1071 (9th Cir. 2004) (neither officers who participated in the harassing search nor officers who failed to intervene and stop the harassing search were entitled to qualified immunity).

Here, however, Plaintiff has failed to allege sufficient facts to support his claim. He states only that they "had ample opportunities to intercede but refused to do so." ECF No. 1, at 6. Pro se litigants are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, Wilhelm v. Rotman, 680 F.3d 1113, 1121-23 (9th Cir. 2012); Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010), but Plaintiff's claims must be facially plausible to survive screening, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572 F.3d at 969.

2.      Fourteenth Amendment

If a constitutional claim is covered by a specific constitutional provision, the claim must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process.  County of Sacramento v. Lewis, 523 U.S. 833, 843, 118 S.Ct. 1708 (1998) (quotation marks and citation omitted).

Plaintiff alleges that Defendants' conduct violates both the Eighth and Fourteenth Amendments.  However, Plaintiff's excessive force claim is properly analyzed under the Eighth Amendment.

To the extent that Plaintiff suggests that the allegedly false report violates the Fourteenth Amendment, there is no independent right to be free from false reports.  Hernandez v. Johnston, 833 F.2d 1316, 1319 (9th Cir. 1987).  Plaintiff does not make any other allegations relating to the allegedly false reports that would support a claim for relief.

Accordingly, Plaintiff fails to state a claim under the Fourteenth Amendment.

3.      Supervisory Liability

Supervisory personnel may not be held liable under section 1983 for the actions of subordinate employees based on respondeat superior, or vicarious liability.  Crowley v. Bannister, 734 F.3d 967, 977 (9th Cir. 2013); accord Lemire v. California Dep't of Corr. and Rehab., 726 F.3d 1062, 1074-75 (9th Cir. 2013); Lacey v. Maricopa County, 693 F.3d 896, 915-16 (9th Cir. 2012) (en banc).  "A supervisor may be liable only if (1) he or she is personally involved in the constitutional deprivation, or (2) there is a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation."  Crowley, 734 F.3d at 977 (citing Snow, 681 F.3d at 989) (internal quotation marks omitted); accord Lemire, 726 F.3d at 1074-75; Lacey, 693 F.3d at 915-16.  "Under the latter theory, supervisory liability exists even without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving

force of a constitutional violation." Crowley, 734 F.3d at 977 (citing Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989)) (internal quotation marks omitted).

In Plaintiff's complaint, he suggests that Defendant Frauenhein and Does 11-20 violated his rights by failing to properly train subordinates, acquiescing in the alleged constitutional violations, and failing to ensure that policies are enforced. Plaintiff contends that the failure to enforce policies "set into motion" a series of acts that Defendant Frauenhein knew, or should have known, would result in constitutional violations.

Plaintiff only supports these allegations, however with his contention that Defendant Frauenhein approved the report related to the September 26, 2013, incident, even though he knew that the reports were falsified. However, as there is no independent right to be free from false reports, Defendant Frauenhein cannot be held liable for approving it. A defendant may not be held liable for the conduct of subordinate staff that was found to be insufficient to state claims for relief. Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011).

Insofar as Plaintiff contends that Defendant Frauenhien failed to train, failed to enforce policies or acquiesced in the false reports that ultimately led to additional violations, Plaintiff has not set forth sufficient factual allegations to support his claims. "A supervisor can be liable in his individual capacity for his own culpable action or inaction in the training, supervision, or control of his subordinates; for his acquiescence in the constitutional deprivation; or for conduct that showed a reckless or callous indifference to the rights of others." Starr, 652 F.3d at 1208 (citing Watkins v. City of Oakland, 145 F.3d 1087, 1093 (9th Cir.1998)). However, Plaintiff's conclusory allegations are insufficient under Rule 8.

For these reasons, Plaintiff fails to state a claim against Defendant Frauenhein or Does 11-20.

///

///

D.     **CONCLUSION AND ORDER**

Plaintiff states an Eighth Amendment excessive force claim against Defendant Flores. He does not state any other cognizable claims against any other Defendant.

Plaintiff has not previously been provided with notice of the deficiencies in his claims and the Court will provide Plaintiff with the opportunity to file an amended complaint, if he believes, in good faith, he can cure the identified deficiencies.  Akhtar v. Mesa, 698 F.3d 1202, 1212-13 (9th Cir. 2012); Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  If Plaintiff amends, he may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

However, if Plaintiff does not wish to file an amended complaint and he is agreeable to proceeding only on his Eighth Amendment claim against Defendant Flores, he may file a notice informing the Court that he does not intend to amend and he is willing to proceed only on his cognizable claim.  The Court will then provide Plaintiff with the requisite forms to complete and return so that service of process may be initiated on Defendant Flores, and Plaintiff's other claims will be dismissed.

If Plaintiff files an amended complaint, it should be brief, Fed. R. Civ. P. 8(a), but under section 1983, it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights and liability may not be imposed on supervisory personnel under the mere theory of *respondeat superior*, Iqbal, 556 U.S. at 676-77; Starr v. Baca, 652 F.3d 1202, 1205-07 (9th Cir. 2011), *cert. denied*, 132 S.Ct. 2101 (2012).  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the original complaint, Lacey v. Maricopa County, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;

2. Within **thirty (30) days** from the date of service of this order, Plaintiff must either:

    a. File an amended complaint curing the deficiencies identified by the Court in this order, or

    b. Notify the Court in writing that he does not wish to file an amended complaint and he is willing to proceed only against Defendant Flores his cognizable Eighth Amendment claim; and

3. <u>If Plaintiff fails to comply with this order, this action will be dismissed, without prejudice, for failure to obey a court order.</u>

IT IS SO ORDERED.

Dated:   **March 3, 2015**                              /s/ *Dennis L. Beck*
                                                    UNITED STATES MAGISTRATE JUDGE