UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNNY G. BRIONES,<br><br>              Plaintiff,<br><br>       v.<br><br>S. FLORES, et al.,<br><br>              Defendants. | No.  1:14-cv-01479 DLB PC<br><br>ORDER GRANTING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT<br>(Document 27)<br><br>ORDER SETTING DISCOVERY AND DISPOSITIVE MOTION DEADLINES |

This is a civil rights action filed pursuant to 42 U.S.C. § 1983 by Johnny G. Briones ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis.  The action is proceeding on his First Amended Complaint for (1) the use of excessive force in violation of the Eighth Amendment against Defendant Flores; and (2) failure to protect in violation of the Eighth Amendment against Defendants Walker, Jericoff, Catlett, Arrequin and Gonzales.[1]

On May 25, 2016, the Court granted Defendants' motion to modify the Discovery and Scheduling Order, and extended the time for filing motions based on exhaustion to June 23, 2016. The Court ruled that discovery shall be completed sixty (60) days after a ruling on a motion, and dispositive motions would be due one hundred-twenty (120) days after a ruling on a motion.

///

---

[1] The parties consented to the jurisdiction of the United States Magistrate Judge.

1

Defendants Walker, Jericoff, Catlett, Arrequin and Gonzales filed the instant motion for summary judgment for failure to exhaust on June 23, 2016.[2] Plaintiff filed a statement of non-opposition on July 11, 2016, conceding that his claims against these five Defendants are not exhausted. The motion is ready for decision pursuant to Local Rule 230(l).

### A.  PLAINTIFF'S ALLEGATIONS

Plaintiff alleges that on September 25, 2013,[3] he was assaulted by Defendant Flores, while Defendant Walker, a correctional officer, was present inside the holding cell in the Facility D Medical Clinic. Plaintiff contends that Defendant Walker failed to protect him from the assault, and that he knew that Plaintiff was mobility impaired and in handcuffs.

Defendants Jericoff, Catlett, Arrequin and Gonzales, also correctional officers, watched the incident from outside the holding cell, but made no attempt to stop the assault.

### B.  LEGAL STANDARD

The failure to exhaust is subject to a motion for summary judgment in which the court may look beyond the pleadings. Albino v. Baca, 747 F.3d 1162, 1170 (9th Cir. 2014). If the Court concludes that Plaintiff has failed to exhaust, the proper remedy is dismissal without prejudice. Jones, 549 U.S. at 223-24; Lira v. Herrera, 427 F.3d 1164, 1175-76 (9th Cir. 2005).

Defendants bear the burden of proof in moving for summary judgment for failure to exhaust, Albino, 747 F.3d at 1166, and they must "prove that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy," id. at 1172. If Defendants carry this burden, the burden of production shifts to Plaintiff "to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." Id. This requires Plaintiff to "show more than the mere existence of a scintilla of evidence." In re Oracle Corp. Sec. Litig., 627 F.3d 376, 387 (9th Cir. 2010) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252, 106 S.Ct. 2505 (1986)). "If the undisputed evidence viewed in the light most favorable

---

[2] The motion does not involve the claims against Defendant Flores.

[3] The appeal indicates that the incident occurred on September 26, 2013.

to the prisoner shows a failure to exhaust, a defendant is entitled to summary judgment under Rule 56." Albino, 747 F.3d at 1166. However, "[i]f material facts are disputed, summary judgment should be denied, and the district judge rather than a jury should determine the facts." Id.

**C.    DISCUSSION**

      1.    Exhaustion Requirement

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion requirement applies to all inmate suits about prison life, Porter v. Nussle, 534 U.S. 516, 532, 122 S.Ct. 983 (2002) (quotation marks omitted), regardless of the relief sought by the prisoner or the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741, 121 S.Ct. 1819 (2001), and unexhausted claims may not be brought to court, Jones v. Bock, 549 U.S. 199, 211, 127 S.Ct. 910 (2007) (citing Porter, 534 U.S. at 524).

The California Department of Corrections and Rehabilitation ("CDCR") has an administrative grievance system for prisoners to appeal any departmental decision, action, condition, or policy having an adverse effect on prisoners' welfare. Cal. Code Regs. tit. 15, § 3084.1. During the relevant times, a prisoner must proceed through an initial informal level and three formal levels of review, culminating in a third-level decision. Cal. Code Regs. tit. 15, § 3084.5. In order to satisfy section 1997e(a), California state prisoners are required to use this process to exhaust their claims prior to filing suit. Woodford v. Ngo, 548 U.S. 81, 85-86, 126 S.Ct. 2378 (2006); McKinney, 311 F.3d at 1199-1201.

      2.    Analysis

As indicated above, Plaintiff has conceded that he did not exhaust his claims against Defendants Walker, Jericoff, Catlett, Arrequin and Gonzales.

It is undisputed that Plaintiff filed a grievance related to the incident, contending that Defendant Flores assaulted him, and that "medical staff" knew that he suffered from seizures but

1  did not stop the assault.  The appeal did not identify any staff members or indicate that

2  correctional officers were involved in the failure to protect.  ECF No. 12, at 9-11.

3      The appeal bypassed the First Level and was denied at the Second Level.  The Second

4  Level response also notified Plaintiff that he was not exhausting his claims against any staff

5  member not identified in the appeal, and that he could ask for assistance in identifying unknown

6  staff members.  ECF No. 12, at 14.

7      In responding to the Second Level, Plaintiff identified Defendant Jericoff, though he was

8  not permitted to raise new issues at this stage, Woodford v. Ngo, 548 U.S. 81, 90-91 (2006), and,

9  in any event, he alleged only that Defendant Jericoff lied about the incident.  ECF No. 12, at 12.

10      The appeal was denied at the Third Level on March 12, 2014.  ECF No. 12, at 17-18.

11      As Defendants note, these facts are distinguishable from those in the recent Ninth Circuit

12  case Reyes v. Smith, 810 F.3d 654, 659 (2016), where the Ninth Circuit found that claims against

13  individuals not named in a grievance were exhausted.  In Reyes, the Court found that the prison

14  had adequate notice of the claims because it overlooked the procedural deficiency and issued a

15  decision on the merits nonetheless.  Reyes, 810 F. 3d at 658.

16      Here, Plaintiff was specifically informed that his appeal would not exhaust claims against

17  any unnamed staff members, and the prison did not render a decision on the merits against anyone

18  other than Defendant Flores.

19      Therefore, based on Plaintiff's concession and the undisputed facts, Plaintiff has failed to

20  exhaust his claims against Defendants Walker, Jericoff, Catlett, Arrequin and Gonzales.

21  **D.**   **ORDER**

22      Defendants' motion for partial summary judgment is GRANTED and Plaintiff's claims

23  against Defendants Walker, Jericoff, Catlett, Arrequin and Gonzales are DISMISSED WITHOUT

24  PREJUDICE for failure to exhaust.  Defendants Walker, Jericoff, Catlett, Arrequin and Gonzales

25  are DISMISSED from this action.

26  ///

27  ///

28  ///

It is FURTHER ORDERED that discovery on the remaining claim against Defendant Flores shall be completed by **October 24, 2016**, and dispositive motions must be filed by **December 21, 2016.**

IT IS SO ORDERED.

Dated:   **August 26, 2016**               /s/ *Dennis L. Beck*
                                          UNITED STATES MAGISTRATE JUDGE